IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL PABON,<br>    **Plaintiff** | :   No. 3:07cv1613<br>:<br>:   (Judge Munley) |
| v. | :<br>:(Magistrate Judge Smyser) |
| K. CHMIELEWSKI, ET AL.<br>    **Defendants** | : |

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge J. Andrew Smyser recommending that the defendants' motion to dismiss be granted and that the plaintiff be allowed leave to amend his complaint to state an access to the courts claim and a due process claim upon which relief can be granted.  The plaintiff has filed objections to the report and recommendation, and the matter is ripe for disposition.

**Background**

Plaintiff is a prisoner confined at the State Correctional Institution at Mahanoy, Pennsylvania ("SCI-Mahanoy").  (Doc. 1, Complaint at II).  He filed the instant lawsuit with regard to his treatment at the prison.  Plaintiff asserts that the defendants violated his due process rights under the Fourteenth Amendment to the United States Constitution by conspiring to unjustifiably keep him detained in the restrictive housing unit ("RHU") at SCI-Mahanoy.  He asserts he was confined in the RHU from the time he was transferred there in September 2004 until he was finally released into the general population in November 2007.  (Doc. 21, Plaintiff's Brief at p. 3).  He asserts that they kept him in RHU as retribution against him for a prior assault on a corrections officer at the State Correctional Institution at Huntingdon - - although he had already served a disciplinary time for this

infraction.  (Id. at ¶ ¶ 9, 14).

In another claim, he asserts that the prison paralegal, Defendant Deb, Wydra refused to help him with an appeal in state court of his state court sentence of life without parole, despite his lack of understanding legal materials and his lack of proficiency in the English language.  (Id. at ¶ V.A.).

Based upon these claims, the plaintiff instituted the instant action pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983.  He asserts that the defendants violated his right to substantive and procedural due process, his Eighth Amendment right to be free from cruel and unusual punishment and his Double Jeopardy rights under the Fifth Amendment. He further asserts a First Amendment access to the courts claim against the prison paralegal.

As identified in plaintiff's complaint, the defendants are as follows: K. Chmielewski, Deputy Superintendent; Edward Klem, Superintendent; Gavin, Security Captain; T. Temperine, Deputy Superintendent; Ramer, School Prinicipal; Derfler, Major; Mr. Vuksta, Unit Manager; Ms. Joy, Counselor; Deb Wydra, Paralegal; Mrs. Moore, Deputy Secretary for the Eastern Region of Pennsylvania.  Suit is brought against all of the defendants in their individual and official capacities.

In response to the complaint, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The report and recommendation proposes granting the motion to dismiss and granting plaintiff leave to file an amended complaint on several issues.  Plaintiff filed objections to the report and recommendation, which brings the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The matter before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

The report and recommendation addresses several different issues raised in the defendants' motion to dismiss that we will address separately

as follows.

**1. Eleventh Amendment**

First the defendants argue that Eleventh Amendment immunity bars suit against them in their official capacities. We agree.

Under Eleventh Amendment law: " a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000). Section 1983 does not abrogate Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 345 (1979). In other words, the Eleventh Amendment prohibits a lawsuit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir.1990). The Eleventh Amendment is not a bar to suit against state officials in their personal capacities. Id. Accordingly, as was recommended by the magistrate judge, the plaintiff's claims against the defendants in their official capacities will be dismissed.

**2. Due Process and placement in the RHU**

Next, defendants argue that plaintiff cannot have a due process claim regarding his confinement in the RHU as he has no liberty interest protected by the Due Process Clause in having a hearing before being placed in such confinement.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "No State . . . shall deprive any person of

4

life, liberty, or property, without due process of law . . ..".  Therefore, in order to establish a due process claim, a plaintiff must first demonstrate a life, liberty or property interest.  In the instant case, the issue is whether plaintiff has a liberty interest.  A liberty interest cannot be asserted based upon being placed in special housing at a prison unless the conditions in the housing create a "significant and atypical hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).   To determine whether a liberty interest exists, we must "consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003).  This is a fact sensitive inquiry.  From the allegations of the complaint, we cannot determine the duration of the disciplinary confinement plaintiff complains of[1] or how the conditions of that confinement differ from the other prison conditions.  Therefore, plaintiff has not stated a proper due process claim.

---

[1]It appears that plaintiff arrived at SCI-Mahanoy on September 21, 2004 and was placed in administrative housing immediately. (Doc. 1, Complaint at 3).  Plaintiff remained in this housing until February 2006 when as the result of misconduct he received 270 days of disciplinary custody. (Doc. 21, Plaintiff's Brief at 3).  After release from disciplinary custody, Plaintiff was placed back in administrative housing for four more months. (Id.).  Then in March 2007, he received 240 more days of disciplinary custody. (Id.).  He was released into the general population in November 2007. (Id.).  Plaintiff evidently does not complain of the due process received with respect to the disciplinary housing.  Therefore, the magistrate judge broke down the time and examined the due process claim based on the time spent in administrative housing.  In order to do this, however, he had to look outside the complaint to the plaintiff's brief.

### 3. Double Jeopardy Clause argument

Plaintiff asserts that he was punished twice for assaulting a guard at SCI-Huntingdon. He asserts that at the time the assault occurred he was placed in disciplinary custody, and when he was transferred to SCI-Mahanoy, he was kept in the RHU for this same reason. Accordingly, he claims that the Double Jeopardy clause of the Fifth Amendment of the Constitution was violated. We disagree. A disciplinary hearing is not a prosecution for double jeopardy purposes. U.S. v. Newby, 11 F.3d 1143, 1144 (3d Cir. 1993). Accordingly, dismissal of the double jeopardy cause of action is appropriate.

### 4. Eighth Amendment Claim

In order to assert a proper Eighth Amendment cruel and unusual punishment claim, plaintiff must assert treatment that violates civilized standards of humanity and decency. Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992). "There is no static test by which courts determine whether conditions of confinement are cruel and unusual. Rather, what constitutes cruel and unusual punishment is measured by the evolving standards of decency that mark the progress of a maturing society." Id. (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). We find that the mere allegation that plaintiff was placed in restricted housing does not violate civilized standards of humanity and decency. See Thomas v. Rosemeyer, 199 Fed. Appx. 195, (3d Cir. 2006) (explaining that a prisoner's claim that he was placed in the RHU alone without allegations of deprivation of food, clothing, sanitation, shelter, medical care or personal safety is insufficient to assert an Eighth Amendment cruel and unusual punishment claim.). Accordingly, plaintiff's Eighth Amendment claim will be denied.

**5. Claims against paralegal Defendant Wydra**

To allege a proper denial of access to the court claims, the plaintiff must allege: 1) a non-frivolous underlying claim; 2) that the official acts frustrated the litigation; 3) a remedy that may be awarded that is not otherwise available in a future suit. Christopher v. Harbury, 536 U.S. 403 (2002). Plaintiff does not make sufficient allegations in his complaint to meet these requirements. He asserts that he sought help in filing an appeal to the United States Supreme Court and in filing a petition for a writ of habeas corpus in the United States District court. He does not allege, however, that these underlying claims are non-frivolous. Plaintiff has thus failed to assert a proper access to the courts claim.

**6. Amendment**

We have found merit in the defendants' 12(b)(6) motion to dismiss the plaintiff's complaint. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) Hence, we shall provide the plaintiff an opportunity to file an amended complaint and properly plead causes of action for a due process violation and an access to the court claim in conformance with this memorandum. It would be futile to amend the complaint with respect to the other claims. Therefore, the motion to dismiss will be granted with prejudice with respect to them.

**Conclusion**

For the reasons set forth above, the magistrate judge's report and recommendation will be adopted. We will grant the motion to dismiss with regard to the claims against the defendants in their official capacities, the

double jeopardy clause and the Eighth Amendment claims as allowing amendment on those claims would be futile.  Accordingly, plaintiff will be directed to file an amended complaint with respect to his access to the court claim and due process claim within thirty (30) days from the date of this order or the claims will be dismissed.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGEL PABON,<br>    Plaintiff<br><br>    v.<br><br>K. CHMIELEWSKI, ET AL.<br>    Defendants | :  No. 3:07cv1613<br>:<br>:  (Judge Munley)<br>:<br>: (Magistrate Judge Smyser)<br>: |

## ORDER

**AND NOW**, to wit, this 23rd day of September 2008, it is **HEREBY ORDERED** as follows:

1) Magistrate Judge Smyser's report and recommendation (Doc. 32) is hereby **ADOPTED**;

2) The plaintiff's objections (Doc. 33) are **OVERRULED**;

3) The defendants' motion to dismiss is **GRANTED** with respect to claims against the defendants in their official capacities, the double jeopardy clause and the Eighth Amendment claims;

4) The plaintiff is directed to file an amended complaint within thirty (30) days from the date of this order that properly asserts an access to the courts claim and a due process claim or the motion to dismiss will be granted on those as well and the case will be closed.  The amended complaint should be complete in and of itself and not refer back or attempt to incorporate the original complaint; and

5) The Clerk of Court is directed to remand this case to Magistrate Judge Smyser for further proceedings consistent with this memorandum.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**