IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL PABON,  :  No. 3:07cv1613
    Plaintiff  :
      :  (Judge Munley)
    v.  :
      :  (Magistrate Judge Smyser)
      :
K. CHIMIELEWSKI, et al.,  :
    Defendants  :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are the plaintiff's objections (Doc. 64) to the Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. 61). Magistrate Judge Smyser proposes that we deny the plaintiff's motion to vacate our Order (Doc. 39), granting the defendants' motion to dismiss with respect to: 1) the plaintiff's Eighth Amendment claims; 2) claims against the defendants in their official capacities; and 3) claims arising from the double jeopardy clause in the Fifth Amendment. (Doc. 13). This matter is ripe for disposition.

Also before the court is the defendants' motion to dismiss the plaintiff's amended complaint. (Doc. 62). Although briefed by the defendants, Plaintiff Pabon failed to respond with an opposition brief. Rather than remand the

1

proceeding to Magistrate Judge Smyser, we will address the motion to dismiss on the merits.

**BACKGROUND**

Plaintiff is a prisoner confined at the State Correctional Institution at Mahanoy, Pennsylvania ("SCI-Mahanoy"). (Amended Complaint (Doc. 48) at ¶ 12) (hereinafter "Am. Complt.") He filed the instant lawsuit *pro se* with regard to his treatment at the prison. Plaintiff asserts that the defendants[1] violated his due process rights under the Fourteenth Amendment to the United States Constitution by conspiring to keep him detained in the restrictive housing unit ("RHU") at SCI-Mahanoy without justification. The amended complaint alleges that plaintiff was given disciplinary time at other state correctional facilities due to unspecified altercations, and Defendant Chimielewski told the plaintiff that he would never get out of administrative custody. (Id. at ¶¶ 11, 12, 21).

He also asserts that the prison paralegal, Defendant Wydra, refused to help him with an appeal in state court of his sentence of life without parole, despite his lack of understanding of legal materials and his lack of proficiency

---

[1] As identified in plaintiff's amended complaint, the defendants are as follows: K. Chmielewski, former Deputy Superintendent at SCI-Mahanoy; Mr. Vuksta, Unit Manager; Thomas Derfler, Major; Deb Wydra, Paralegal; Gerald Gavin, Security Captain; Ms. Joy, Counselor; and Ms. P. Ramer, School Principal. (Am. Complt at ¶¶ 3-10).

2

in the English language. (Id. at ¶¶ 14, 16, 22). He alleges that Defendant Wydra and other defendants violated his First Amendment and Fourteenth Amendment rights to access of the courts. (Id. at ¶ 24). Based upon these claims, the plaintiff instituted the instant action for constitutional violations pursuant to 42 U.S.C. § 1983.

In our Order dated September 23, 2008, we granted the defendant's motion to dismiss the complaint with respect to the plaintiff's Fifth and Eighth Amendment claims. We also granted the plaintiff leave to file an amended complaint so that he could properly plead his due process and access to the courts claims.[2] On October 28, 2008, the plaintiff filed an amended complaint and a motion to vacate our earlier order. Magistrate Judge Smyser now recommends that we deny the plaintiff's motion to vacate because the plaintiff has not presented a sufficient reason to vacate or reconsider the order. The plaintiff filed objections to the report and recommendation, which brings that motion to its present posture.

Defendants also filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the interests of

---

[2] The plaintiff attempts to reassert Eighth Amendment claims in his amended complaint; however, we will not consider them in light of our earlier order dismissing that claim. (Id. at ¶¶ 25-26).

judicial economy, we will entertain that motion on the merits rather than remand proceedings back to Magistrate Judge Smyser.

**JURISDICTION**

Because this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**STANDARD OF REVIEW**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The district court judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

Also before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of allegations in the complaint is tested. Granting the motion is

appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35 (citation omitted).

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). This standard does not require "detailed factual allegations." Id. (citation omitted). However, "the factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232

5

(citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id. (citation omitted).

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). However, the court does not have to accept conclusions of law or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse, 132 F.3d at 906).

When considering a motion to dismiss, a court generally should look only to the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

The plaintiff lodges no formal objections to Magistrate Judge Smyser's report and recommendation, which suggests that plaintiff's motion to vacate/reconsider should be denied.³ (Pl. Objections at 2). Plaintiff Pabon merely argues that Magistrate Judge Smyser "by law is wrong" and moves for *de novo* review of his recommendation.

The Magistrate Judge found that the plaintiff did not present sufficient reason for the court to vacate or reconsider our Order dated September 23, 2008. (Report and Recommendation at 4). After a review of the brief in support of the objections filed by the plaintiff, we agree.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A

---

³Plaintiff's motion is filed under rule 60(b) for vacating a judgment, but we have construed it as a motion for reconsideration.

7

motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

The plaintiff has simply not put forth any reason to vacate our earlier order. He has not established an intervening change in controlling law, the availability of new evidence or the need to correct a clear error of law or to prevent a manifest injustice. Therefore, his objections will be overruled and the report and recommendation suggesting the denial of the motion to vacate/reconsider will be denied.

At this juncture, we could remand the proceeding back to Magistrate Judge Smyser to consider the Defendants' Motion to Dismiss the Amended Complaint. However, we will proceed in the interests of judicial economy and rule on the merits of the motion rather than remand.[4]

The defendants move to dismiss the plaintiff's amended complaint on several grounds. Related to Plaintiff Pabon's due process claims, the defendants argue that the plaintiff has no due process right to a particular custody status after failing to allege any significant and atypical hardship.

---

[4] Plaintiff has never filed a brief in opposition to this motion, although the time limit for filing such a brief expired long ago.

8

Moreover, the defendants argue that the lack of legal assistance provided to the plaintiff did not violate the plaintiff's right to access to the courts.

Plaintiff's contention that his due process rights were violated in the context of being placed in the RHU requires a determination of whether he had a protected liberty interest and, if so, what process was mandated to protect it. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Importantly, due process requirements apply only when the prison's actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483 (1995). "[T]he baseline for determining what is 'atypical and significant' – the 'ordinary incidents of prison life' – is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin, 515 U.S. at 486).

Confinement in administrative or punitive segregation is insufficient, without more elaboration of the circumstances, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest. Sandin, 515 U.S. at 486; see Griffin, 112 F.3d at 706-07 (finding that a fifteen month period of administrative custody did not deprive prisoner of a liberty

interest). Plaintiff has not alleged facts that would establish that his placement in administrative confinement constitutes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, relative to the rest of the prison. See Sandin, 515 U.S. at 483. As such, we will dismiss the plaintiff's due process claims for failure to state a claim upon which relief may be granted.

The plaintiff also contends that he was denied access to the underlying state court in attempting to appeal his sentence. To allege a proper denial of access to the court claim, the plaintiff must allege: 1) his lost cause of action contained a non-frivolous underlying claim; 2) that official acts frustrated the litigation; and 3) a remedy that may be awarded that is not otherwise available in a future suit. Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Although a *pro se* complainant, the plaintiff has had two opportunities to plead specific facts to make his claim, along with specific directions to do so. (See Doc. 39). The plaintiff, in his amended complaint, did not make sufficient allegations to meet these requirements. He only asserts that he has limited understanding of the English language and that Defendant Wydra did not provide him with assistance in arguing an appeal before an unspecified state court to which he was allegedly denied access. But little more is

alleged. As a result, we find the plaintiff has failed to allege enough specifics to demonstrate that the underlying appeals claim was nonfrivolous. See Monroe v. Beard, No. 05-04937, 2007 WL 764086 at 10-11 (E.D.Pa. March 7, 2007) ("A plaintiff, even one proceeding *pro se*, must plead [his] 'lost' claim with specificity so that the court can determine whether the defendant's actions deprived the plaintiff of a nonfrivolous legal claim.")

Furthermore, we find that the plaintiff has not plead sufficient facts to demonstrate that official acts by prison officials frustrated his appeal. Throughout the course of the instant case, the plaintiff has proven his ability to file numerous documents with the court. The plaintiff, in each instance, has simply failed to put forth in any meaningful way the manner in which Defendant Wydra or any other defendants prevented him from accessing the courts. Related to the third element of his claim, the plaintiff has not pled the nature or the remedies available to him in his underlying litigation. As such, we will dismiss the plaintiff's access to courts claim with prejudice.[5]

---

[5] Normally, we would provide the plaintiff an opportunity to file an amended complaint to provide appropriate allegations to set forth a cause of action. We have, however, already once provided the plaintiff the opportunity to file an amended complaint to fix the deficiencies of his complaint. (Doc. 39). He has failed to do so.

**CONCLUSION**

For the reasons stated above, the court will overrule the defendant's objections and adopt the report and recommendation. Moreover, we will grant the defendants' motion to dismiss pursuant to Rule 12(b)(6). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL PABON | : | No. 3:07cv1613 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| | : | |
| K. CHIMIELEWSKI, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 14th day of August 2009:

1. The plaintiff's objections to the report and recommendation of Magistrate Judge J. Andrew Smyser (Doc. 31) are hereby **OVERRULED**;

2. The report and recommendation (Doc. 30) is **ADOPTED**;

3. The motion of the plaintiff to vacate the Order dated September 23, 2008 is **DENIED**;

4. The defendants motion to dismiss pursuant to Federal Rule 12(b)(6) is hereby **GRANTED**; and

5. The Clerk of Court is hereby directed to mark this case **CLOSED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court